| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **Greenbaum, Rowe, Smith & Davis LLP**<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095<br>(732) 549-5600<br>dbruck@greenbaumlaw.com<br>Attorneys for Defendant, Hudson Spa Club, LLC<br>David L. Bruck, Esq. | |
| In re:<br><br>**NUVICO, INC., et al.,**<br><br>Debtor. | Chapter 7 Proceeding<br><br>**Case No.: 16-33240 (SLM)** |
| CHARLES A. STANZIALE, JR., in his capacity as Chapter 7 Trustee of Nuvico, Inc., et al.,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON SPA CLUB, LLC,<br><br>Defendant. | Adv. Pro. No.: 18-01612 (SLM)<br><br>**ANSWER OF DEFENDANT HUDSON SPA CLUB, LLC TO ADVERSARY COMPLAINT AND SEPARATE DEFENSES** |

Defendant, Hudson Spa Club LLC, by way of Answer to the Adversary Complaint, states as follows:

1.  Defendant is without knowledge sufficient to form a belief as to the accuracy of the allegations contained in paragraph 1 of the Complaint and leaves plaintiff to its proofs.

2.  Defendant is without knowledge sufficient to form a belief as to the accuracy of the allegations contained in Paragraphs 2-10 of the Complaint except to say that upon information and belief, Nuvico Inc. is no longer in business, contrary to the allegations of paragraph 10 of the Complaint.

3.  As to the allegations contained in Paragraph 11 of the Complaint, admitted.

5577231.1

4. Defendant leaves plaintiff to its proofs as to the allegations contained in paragraph 12 of the Complaint.

5. As to Paragraph 13 of the Complaint, Defendant repeats its answers to the allegations made in paragraphs 1-12 of the Complaint as set forth herein.

6. As to Paragraph 14 of the Complaint, Defendant asserts that the document set forth as Exhibit A to the Complaint speaks for itself.

7. As to the allegations of Paragraph 15, Defendant is without knowledge sufficient to form a belief as to the accuracy of the statements made therein and leaves Plaintiff to its proofs.

8. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 17 of the Complaint;

10. Defendant is without knowledge sufficient to form a belief as to the accuracy of the statements made in paragraph 18 of the Complaint.

11. Defendant denies the allegations contained in paragraph 19 of the Complaint.

12. As to Paragraph 20 of the Complaint, Defendant repeats its answers to the allegations previously set forth.

13. As to Paragraph 21, Defendant incorporates its answers to the preceding allegations of the Complaint as if fully set forth herein.

14. As to Paragraph 22 of the Complaint, Defendant denies the same.

15. As to Paragraph 23 and the allegations therein, Defendant denies that it is the recipient of a preferential transfer from Nuvico and leaves plaintiff to its proofs.

16. Defendant denies the allegations contained Paragraph 24 of the Complaint.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice

5577231.1

together with such other relief as the court may find to be just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint should be dismissed for failure to state a claim for which relief can be granted against Defendant.

### SECOND SEPARATE DEFENSE

The Complaint is barred by the doctrine of unclean hands and laches.

### THIRD SEPARATE DEFENSE

The Complaint should be dismissed by the doctrine of equitable estoppel.

### FOURTH SEPARATE DEFENSE

The payment received by defendant was repaid and the debt satisfied and accordingly the Complaint should be dismissed. See EXHIBIT A attached hereto.

### FIFTH SEPARATE DEFENSE

At the time of the receipt of the payment as alleged by Defendant, Defendant was not indebted to Nuvico and thus no antecedent debt existed.

### SIXTH SEPARATE DEFENSE

The transfer of funds by Nuvico to the defendant was a contemporaneous exchange for value and the complaint should accordingly be dismissed.

### SEVENTH SEPARATE DEFENSE

The payment of funds by Nuvico to the Defendant was an ordinary course transaction and accordingly the Complaint should be dismissed.

5577231.1

**WHEREFORE,** Defendant Hudson Spa Club LLC requests that the Complaint be dismissed, with prejudice, together with such other relief as the Court may find to be just and equitable.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant, Hudson Spa Club LLC

By: _____
David L. Bruck, Esq.

Dated: March 28, 2019

# EXHIBIT A

**HUDSON SPA CLUB LLC**
115 River Road Suite 1201
Edgewater, NJ 07020

Bank of Hope
3325 LEMOINE AVE
FORT LEE, NJ 07024

3280

11/1/2016

PAY TO THE ORDER OF: Nuvico, Inc         $ **35,000.00

Thirty-Five Thousand and 00/100 ............................................................ DOLLARS

Nuvico, Inc

MEMO

⑊003280⑊ ⑊026019246⑊ 640003401⑊

#3280                11/03/16                $35,000.00

NEW MILLENNIUM BANK
FORT LEE

Nuvico #1104
a/c 0100 2559

#3280                11/03/16                $35,000.00